

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXRD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:                    Attention: Mr. Claude A. Williams

Opinion No. O-1171
Re: Does the purpose clause of
    "Ancient Order of Ladies and
    Knights of Liberty" comply
    with the provisions of Arti-
    cle 1302, R.C.S.?

Your request for an opinion from this department as to whether the purpose clause of "Anchient Order of Ladies and Knights of Liberty" comes within the provisions of Article 1302 of our statutes, has been received by this department. Your request attaches the application of these applicants, the purpose clause of which reads as follows:

"The purpose of this association shall be to do patriotic, benevolent, social and educational work in perpetuating our National Constitution, and of the several States of the Union, in a fraternal manner. Patriotic (a)  It shall be non-political, never preferring one political party more than any other political party.  (b)  Its members may affiliate and work with any political party of their choice, provided such political party has a LEGAL RIGHT to operate in the State and Nation.  Educational (a) Its members shall be taught the necessary meaning and value of our Constitution.  (b) Teach the righteousness of our American form of government, the checking and balancing of power of its several departments.  (c) Teach duties of our officials from President to constable. (d) Teach our children to love the American standard and ideals of living as is left to us by our forebears.  This association shall be a non-profiting organization."

The express purpose of the applicant is educational. This department has in past years issued many opinions upon the subject of educational corporation, to-wit: An opinion by the Honorable George E. Christian on December 18, 1925, found in Reports and Opinions of Attorney General, 1924-26, p. 222; an opinion by Honorable Rice M. Tilly on March 18, 1930; an opinion No. 310, at p. 768; an opinion by Honorable A. R. Stout, on December 4, 1933, in Opinion Book No. 352, at p. 395; and a recent opinion by Lloyd Armstrong to the Honorable Tom L. Beauchamp.

Referring again to the opinion of the Honorable George E. Christian, the writer says that "the function exercised by a corporation will determine its character."

An educational corporation exercises functions that primarily relate to the giving of instructions in useful and recognized subjects. The fact that educational benefits may be derived incidental to the functioning of the corporation is not sufficient to authorize the creation under a statute dealing with the educational undertaking.

We refer you to the case of In Re De Peyster's Estate, 104 N.E. 714, which has this to say about an educational purpose:

> "A corporation or association organized exclusively for scientific, literary, library, patriotic, or historical purposes, or for any one of such purposes, is necessarily to some extent educational in its nature, and in the results obtained from such organizations. An exclusively historical society does not gather books, manuscripts, pictures, and antiqquities simply to hoard them. Its purpose is not alone to discover and preserve things and facts of historical value, but to keep and record them that they may be seen, read and studied, that greater knowledge may be attained from it. The Legislature, in including educational corporations and associations in the first part of the statute quoted, intended corporations or associations

> engaged in something more than incidental
> education, which is necessarily derived
> from corporations organized exclusively
> for scientific, literary, library, patri-
> otic, or historical purposes."

An opinion of this department by the Honorable
T. W. Taylor, March 26, 1919, said:

> "A corporation chartered as an edu-
> cational undertaking is by force of the
> law a strictly educational institution."

The opinions of this department on this particu-
lar subject have unanimously held that to be an educational
corporation a corporation must have for its primary purpose
giving instructions in some recognized field of knowledge.

Education has been defined as:

> "The system of development and cul-
> tivation of the natural powers; instruction
> and training in an institution of learning;
> the result of such instruction and training."

We think no additional authority necessary to dem-
onstrate the lack of the proposed purpose of your applicant
to fall within the intention of the Legislature in author-
izing the chartering of an educational corporation.

In our opinion such a purpose clause as of the
"Ancient Order of Ladies and Knights of Liberty" does not
fall within the meaning of educational purpose as that
term was intended to apply by our Legislature.

Yours very truly

MH:FG/cg

APPROVED AUG. 19, 1939

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/ Morris Hodges

By

Morris Hodges
Assistant

Approved Opinion Committee
By BWB, Chairman